WENTWORTH, Judge.
Appellant seeks review of an interlocutory order by which his motion for stay of execution was denied. The order is reviewable under Rule 9.130(a)(4), Fla.R.App.P., as a nonfinal order entered after final order on authorized motion.
Appellant contends section 56.16, Florida Statutes (1983), which requires a bond as a condition to a hearing during which third parties can assert ownership to properties seized upon execution, is unconstitutional as a denial of due process. We affirm without reaching the merits of that challenge.
Appellant leased a catering storage box to one Mary Giardina for use in her business. After Giardina mounted the catering box on her truck, the truck was seized by the sheriff of Alachua County pursuant to levy under a judgment recovered by appel-lee against Giardina in an amount over $9,000.
Appellant sought recovery of his catering box by filing with the sheriff an affidavit of ownership, as required under section 56.16, but he asserted inability to post the bond required by that statute. Section 56.-16 specifically provides for the assertion of third party claims to property levied on under a writ of execution. The statute requires the filing of an affidavit of ownership and the posting of a bond in double the value of the property sought to be released prior to a hearing on the third party’s claim to ownership.
The sheriff refused to halt the execution sale unless appellant posted bond. Appellant did not directly challenge that action but filed a motion for stay of execution pursuant to Rule 1.550(b), Fla.R.Civ.P., in the circuit court. The court denied the motion on the grounds that appellant was not a party to the suit between Giardina and appellee, and, as a non-party, was not eligible to use Rule 1.550(b), Fla.R.Civ.P., to stay the execution proceedings. The court noted that appellant’s proper remedy was section 56.16. At the hearing appellant failed to raise any constitutional issue with respect to that statute.
The sheriff advertised the property and scheduled the execution sale. Appellant filed a petition for rehearing, in which he did seek to raise the constitutional issue presented here as to section 56.16. The circuit court denied the petition. Appellant then appealed the order denying his motion to stay the execution. The sheriff sold Giardina’s truck, with appellant’s catering box attached, to appellee, the sole bidder.
Appellant contends he was denied, under section 56.16, Florida Statutes, a post-seizure hearing in which to assert ownership of his property, and that such denial was an unconstitutional violation of due process. Section 56.16 is part of a legislative scheme, encompassing sections 56.16 through 56.20, Florida Statutes, specifically developed to provide for the assertion of claims by third parties to property levied on under a writ of execution. The statutes provide, upon compliance with certain conditions, for return of the property to the *186 third party, and require a post-seizure hearing to determine ownership once the third party files an affidavit of ownership and posts a bond.
Because this appeal is directed only to the order denying stay of execution by motion under Rule 1.550(b), Fla.R.Civ.P., filed in the original action out of which execution arose, we find the court properly denied relief. Appellant was not a party to that action, and the order now appealed was correctly entered for that reason.
The order is affirmed, without prejudice to any rights appellant may have to pursue his contentions by means other than motion pursuant to the cited rule in this third party action.
ERVIN and JOANOS, JJ., concur.